FILED JAN 15 2019 Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS HOLGER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 18-3048 (UNA) |
| TIMOTHY MARK BURGESS, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Louis Holger currently is incarcerated at the Federal Bureau of Prisons' Springfield Medical Center. He purports to bring a class action suit for the return of money, property and other resources to the Tribes of Planet Earth. The Court will grant plaintiff's application to proceed *in forma pauperis* and dismiss the complaint with prejudice.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). A complaint lacks an arguable basis in fact when "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Based on its review of plaintiff's pleading, titled "Notice and Claim for Equal Justice Under the Law," and the allegations set forth therein, the Court deems the complaint frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

Although the Court grants plaintiff's application to proceed *in forma pauperis*, plaintiff is advised that the dismissal of this action is a "strike" for purposes of 28 U.S.C. § 1915(g), which provides:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *see Fourstar v. Garden City Grp., Inc.*, 875 F.3d 1147, 1149 (D.C. Cir. 2017) ("[A] dismissal of a prisoner's lawsuit for failure to state a claim, or as frivolous or malicious, is commonly referred to as a strike."). This plaintiff has accumulated two strikes, *see Holger v. United States of America*, No. 3:18-cv-00241 (D. Alaska Dec. 20, 2018) (dismissing with prejudice for failure to state a claim upon which relief can be granted); *Holger v. Burgess*, No. 3:18-cv-00166 (D. Alaska Aug. 3, 2018) (dismissing with prejudice for failure to state a claim upon which relief can be granted). If, in a future civil action, plaintiff fails to demonstrate that he qualifies for the "imminent danger" exception, the Court may deny his application to proceed *in forma pauperis*.

An Order is issued separately.

DATE: January __, 2019

_____
United States District Judge